UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARO C. WEILBURG,

                                         Plaintiff,                  5:22-cv-435 (BKS/TWD)

v.

JOHN S RODGERS, et al.,

                                         Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Daro C. Weilburg
Munnsville, NY 13409

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff pro se Daro C. Weilburg brought this action on May 4, 2022, against Assistant District Attorney John S. Rodgers, New York State Trooper Ethan C. Koss, Norman Button, and Doe Defendants alleging that he was falsely arrested and prosecuted for misdemeanor criminal trespass in the second degree, in violation of NY Penal Law 140.15(1). (Dkt. No. 1). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on May 31, 2022, issued a Report-Recommendation recommending that Plaintiff's false arrest claim against Defendant Trooper Koss survive *sua sponte* review; that Plaintiff's malicious prosecution claim against Defendant ADA John S. Rodgers be dismissed with leave to amend; and that Defendants Norman Button, Jane Doe, and John Doe be dismissed. (Dkt. No. 6). Plaintiff filed a timely objection to the Report-Recommendation. (Dkt. No. 7). For the reasons set forth below, the

Report-Recommendation is adopted in part and denied in part: Plaintiff's false arrest claim against Defendant Trooper Koss survives sua sponte review; any claim against Defendant ADA Rodgers arising from Rodgers' prosecutions of Plaintiff is barred by the doctrine of prosecutorial immunity; and Plaintiff's remaining claims against the remaining Defendants are dismissed with leave to amend.

## II.   STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III.  DISCUSSION

### A.  Background

In his complaint, Plaintiff alleges that Defendant Trooper Koss arrested him for misdemeanor trespass knowing that it was based on false information provided by Richard

Castellane[1] and Defendant Norman Button, Castellane's employee. (Dkt. No. 1). Plaintiff alleges that he told Defendant Trooper Koss that he had access to the building as a caretaker, and that he went inside the residence to fix the internet and feed the dog. (*Id.* at 5). Plaintiff also asserts that Defendants Norman Button and Trooper Koss had him arrested because he is a Jehovah's Witness and that Defendant ADA Rodgers is prosecuting Plaintiff because he is a Jehovah's Witness. (*Id.* at 8). Plaintiff alleges that Defendant ADA Rodgers "did not provide the entire discovery," and that he "filed for a Temporary Protection Order against" Plaintiff because an attorney, "Jacobson," asked ADA Rodgers to file it. (Dkt. No. 71, at 7-8).

Plaintiff attached to the complaint an information dated March 12, 2022, which charges him with misdemeanor criminal trespass, second degree, for unlawfully entering the dwelling of Richard Castellane. (Dkt. 1-1, at 1). Plaintiff also attached: (1) an order of protection dated March 23, 2022, which directs Plaintiff to, inter alia, refrain from any contact with Richard Castellane, and (2) what appears to be a February 2, 2022 email from Richard Castellane to Plaintiff questioning "how many calls on a daily basis" Plaintiff made from Castellane's residence "extolling Jehovah Witnesses," and whether Plaintiff had ever sought permission to use the premises for that purpose. (Dkt. No. 1-1, at 4-5).

In the Report-Recommendation Magistrate Judge Dancks concluded that Plaintiff's false arrest claim against Defendant Trooper Koss survives initial review, but that to the extent Plaintiff seeks to bring a malicious prosecution claim it should be dismissed with leave to amend because he failed to allege that the criminal proceeding was terminated in his favor—an essential element of that claim. (Dkt. No. 6, at 5-6). Magistrate Judge Dancks recommended dismissal of the Doe Defendants and Defendant Norman Button because "the Complaint fails to allege any

---

[1] Richard Castellane is not a named defendant.

facts reflecting that [these defendants] were involved in any of violation of Plaintiff's rights under 28 U.S.C. § 1983." (*Id.* at 6).

In his objection, Plaintiff argues that there was "a conspiracy to violate his civil rights under § 1985 . . . by all of the defendants listed and defendants not yet known." (Dkt. No. 7, at 2). He asserts that a bodycam video that he obtained through a FOIL request "clearly shows that the Plaintiff had every right to go into the Castellane residence to reset the router"; that Defendant Trooper Koss suborned perjury from Castellane; that Defendant Norman Button and his wife, Diane Button, provided false information to Defendant Trooper Koss; and that Defendant ADA Rodgers should have dismissed the misdemeanor charge after having received the bodycam videos. (*Id.* at 2-3, 5).

Plaintiff has also asserted new facts arising out of a second arrest, on May 17, 2022, after this action was filed, for violating the protective order. (Dkt. No. 7, at 4-10). Plaintiff asserts that Defendant Koss conspired with unknown persons to block the path to Plaintiff's apartment with a sheet of plywood; that the obstruction was placed there "so the Plaintiff would remove it and be arrested"; and that Defendants Koss, ADA Rodgers, Richard Castellane and other New York State Police Officers "had the Plaintiff arrested" on May 17, 2022 for violating the order of protection. (*Id.* at 4-5). Plaintiff asserts that this arrest was in retaliation for filing this action. (*Id.* at 4, 6). Plaintiff alleges that Defendant ADA Rodgers filed the misdemeanor charge knowing that it was based on false pretenses and "got a temporary order of protection under false pretenses." (Dkt. No. 7, at 5-6).

**B.      Analysis**

While Plaintiff has not set forth a specific objection to the Report-Recommendation, he has asserted additional facts and claims that he seeks to bring, beyond the facts and claims set forth in his complaint. The Court has therefore reviewed the Report-Recommendation for clear

4

error, but construing Plaintiff's submission liberally, has considered his additional facts and claims and will, as set forth below, give Plaintiff an opportunity to file an amended complaint. *See Crum v. Dodrill*, 562 F. Supp. 2d 366, 373–74 & n.13 (N.D.N.Y. 2008) (discussing "the mandate to read the papers of pro se litigants generously"). The Court thus discusses the law applicable to the claims Plaintiff has asserted in his objection.

"In order to state a conspiracy claim under 42 U.S.C. 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). A plaintiff must also show that that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." (*Id.*). Religious discrimination satisfies the class-based animus requirement of 1985(3). *Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.*, 968 F.2d 286, 291 (2d Cir. 1992).

To state a § 1983 conspiracy, plaintiff must plausibly allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Mere conclusory or general allegations of a conspiracy, however, are insufficient to state a claim of conspiracy. *Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005); *see Ciambriello v. Cty of Nassau,* 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to

5

deprive the plaintiff of his constitutional rights are properly dismissed; diffusive and expansive allegations are insufficient, unless amplified by specific instances of misconduct") (citation omitted). To state a viable conspiracy claim, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2013) (internal quotation marks and citations omitted).

Moreover, Defendant ADA Rodgers has absolute immunity "for those prosecutorial activities intimately associated with the judicial phase of the criminal process," unless he "proceeds in the clear absence of all jurisdiction." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987). Absolute immunity protects a prosecutor from liability "for virtually all acts, regardless of motivation, associated with his function as an advocate," but not to a prosecutor's acts of investigation or administration." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutor has absolute immunity for allegedly conspiring to present false evidence at a criminal trial). "[A] prosecutor's function depends chiefly on whether there is pending or in preparation a court proceeding in which the prosecutor acts as an advocate." *Warney v. Monroe Cnty.*, 587 F.3d 113, 123 (2d Cir. 2009).

A prosecutor "enjoys absolute immunity when determining which offenses to charge [or] initiating a prosecution." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022). A prosecutor's delay in producing discovery materials during a prosecution is protected by prosecutorial immunity. *See Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995). Courts have found that seeking an order of protection falls within the traditional prosecutorial functions for which a prosecutor is entitled to absolute immunity. *See Thomas v. Cnty. Of Putnam*, 262 F. Supp. 2d 241, 249 (S.D.N.Y. 2003). Because absolute immunity attaches to a prosecutor's function as an advocate,

it extends even to a prosecutor who conspires to do something not properly within his role, such as conspiring to present false evidence at a criminal trial. *Anilao*, 27 F.4th at 864.[2] Thus, claims against ADA Rodgers arising from the prosecution of Plaintiff for criminal mischief, the obtainment of an order of protection during the course of that prosecution, or the prosecution of Plaintiff for violating the protective order, are barred by the doctrine of prosecutorial immunity. *See Urena v. Roy*, No. 22-cv-2384, 2022 WL 1557042, at *3, 2022 U.S. Dist. LEXIS 87999, at *6–7 (S.D.N.Y. May 16, 2022).[3]

To plead a First Amendment retaliatory arrest claim regarding his arrest on May 17, 2022, for violating the order of protection, Plaintiff must plausibly allege that: "(1) he has a right protected by the First Amendment;[4] (2) the defendant's actions were motivated or substantially caused by the exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Plaintiff must provide more than mere conclusory allegations; he must allege facts that plausibly support an inference of the requisite causal connection between his lawsuit and Defendant Koss's arrest on May 17, 2022. *See Grossi v. City of New York*, No. 08-cv-1083, 2009 WL 4456307, at *7, 2009 U.S. Dist. LEXIS 110695, at *22(E.D.N.Y. Nov. 4, 2009) (collecting cases where insufficient facts alleged to render causal connection plausible), *report and recommendation adopted by* 2009 WL 4456307, 2009 U.S. Dist. LEXIS 110694 (E.D.N.Y. Nov. 30, 2009). And Plaintiff also must

---

[2] To the extent Plaintiff claims that Defendant ADA Rodgers failed to prosecute Defendant Koss for suborning perjury or Richard Castellane for making a false statement, it is well-established that private citizens do not have standing to bring actions against prosecutors contesting decisions regarding whether—and whom—to prosecute. *See, e.g.*, *Brady v. Schneiderman*, No. 15-cv-09141, 2016 WL 3906737, at *3, 2016 U.S. Dist. LEXIS 91654, at *6 (S.D.N.Y. July 13, 2016), *aff'd*, 714 F. App'x 60 (2d Cir. 2018).

[3] The Court has provided Plaintiff with a copy of the unpublished decisions.

[4] Filing a lawsuit is constitutionally protected speech. *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 152 (2d Cir. 2006).

plead and prove the absence of probable cause for the arrest unless he was arrested in circumstances where "otherwise similarly situated individuals not engaged in the same sort of protected speech" had not been arrested. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019).

### C.    Leave to Amend

While Plaintiff has not set forth facts in his complaint or in his objection from which the Court could plausibly infer: (1) that any of the Defendants agreed, either expressly or implicitly to have Plaintiff arrested because he is a Jehovah's Witness, in violation of 42 U.S.C. § 1985(3), or (2) that there was any understanding and agreement between a state actor and any nonstate actor to have Plaintiff falsely arrested for trespass, in violation of 42 U.S.C. § 1983, or (3) that there is a causal connection between Plaintiff's filing of this lawsuit and Defendant Trooper Koss's arrest of Plaintiff on May 17, 2022, as required for a First Amendment retaliation claim, in light of Plaintiff's pro se status, the Court will give him an opportunity to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). And, the Court concurs in Magistrate Dancks' recommendation that Plaintiff be given an opportunity to amend the complaint to allege a malicious prosecution claim: to do so Plaintiff must plausibly allege facts in support of each of the elements of that claim, including that the prosecution ended without a conviction. (Dkt. No. 6, at 5-6).

To the extent Plaintiff seeks to amend the complaint, Plaintiff must allege facts showing what any named defendant, including any Jane Doe or John Doe defendant, did to violate his rights. As Magistrate Judge Dancks noted, dismissal is appropriate for defendants who are listed in the caption "but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Burrardi*, No. 06-cv-0889, 2007 WL 607341, at *1, 2007 U.S. Dist. LEXIS 11727, at *2 (N.D.N.Y. Feb. 20, 2007). The Court therefore adopts Magistrate Judge Dancks' recommendation to dismiss the John Doe and Jane Doe Defendants, who are not referred to at all

in the body of the complaint, as well as Defendant Norman Button, against whom the complaint fails to state a cause of action.[5]

Finally, Plaintiff is advised that an amended complaint will completely replace the original complaint in this action, and render the original complaint "of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Any amended complaint must therefore include all of the allegations against each of the defendants so that it may stand alone as the sole complaint in this action.

The Court has reviewed the remaining portions of the report for clear error and found none. Accordingly, the Report-Recommendation is adopted in part and denied in part, for the reasons stated above.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 6) is **ADOPTED** in part and **DENIED** in part, as set forth above; and it is further

**ORDERED** that Plaintiff's false arrest claim against Defendant Trooper Ethan C. Koss arising out of Plaintiff's March 12, 2022 arrest survives sua sponte review; and it is further

---

[5] The fact that Defendant Norman Button provided false information to Defendant Trooper Koss, (Dkt. No. 1, at 5), is, by itself, insufficient to state a false arrest claim against Norman Button. "Generally, a civilian defendant who furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for false arrest or false imprisonment." *Barua v. Barua*, No. 14-cv-5107, 2015 WL 4925028, at *5, 2015 U.S. Dist. LEXIS 108970, at *14 (E.D.N.Y. Aug. 18, 2015) (citation and internal marks omitted) (collecting authorities). "A private individual may be held liable for false arrest if he knowingly makes false statement to investigators with the intent of having the plaintiff be arrested or confined, or otherwise gives advice or encouragement to the authorities or importunes them to act." *Id.* at *5, 2015 U.S. Dist. LEXIS 108970, at *14 (collecting authorities). A similar analysis applies to a civilian's liability for malicious prosecution. *Id.* at *5, 2015 U.S. Dist. LEXIS 108970, at *14

**ORDERED** that any claims against Defendant ADA Rodgers arising from Rodgers' prosecution of Plaintiff for trespass, obtaining a protective order during the course of the trespass prosecution, or prosecuting Plaintiff for violating the protective order, are barred by the doctrine of prosecutorial immunity, and that Defendant ADA Rodgers is therefore **DISMISSED**; and it is further

**ORDERED** that Defendants Norman Button, and the Jane Doe and John Doe Defendants are **DISMISSED with leave to amend**, and Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files an amended complaint within thirty (30) days of the date of this Order, the amended complaint shall be referred to Magistrate Judge Dancks for review; and it is further

**ORDERED** that if no amended complaint is filed within thirty (30) days of the date of this Order, the Clerk shall issue a summons and forward it with copies of the complaint and a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, to the United States Marshal for service upon Defendant New York State Trooper Ethan C. Koss. Defendant Koss must file a formal response to Plaintiff's complaint (Dkt. No. 1) as provided for in the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule

7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 14, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge