UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARO C. WEILBURG,

                              Plaintiff,                5:22-cv-435 (BKS/TWD)

v.

ETHAN C. KOSS, New York State Trooper,

                              Defendant.

**Appearances:**

*Plaintiff pro se:*
Daro C. Weilburg
Munnsville, NY 13409

*For Defendant:*
Letitia James
Attorney General of the State of New York
Brenda T. Baddam
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff pro se Daro C. Weilburg commenced this action pursuant to 42 U.S.C. § 1983 against Defendant New York State Trooper Ethan C. Koss and others, alleging that he was falsely arrested for misdemeanor criminal trespass in the second degree in violation of New York Penal Law § 140.15(1). (Dkt. No. 1). Following initial review of Plaintiff's complaint under 28 U.S.C. § 1915(e), (Dkt. No. 6), this Court found that Plaintiff's false arrest claim against Defendant survived sua sponte review. (*See* Dkt. No. 6 (Report-Recommendation); Dkt. No. 13

(order adopting Report-Recommendation in part)). Plaintiff now moves for summary judgment, (Dkt. No. 21), and Defendant opposes, (Dkt. No. 24). For the following reasons, Plaintiff's motion for summary judgment is denied as premature.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*, 477 U.S. at 248). If the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323–24; *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

## III.   DISCUSSION

Plaintiff moves for summary judgment on his false arrest claim, generally arguing that he did not commit any crime on March 12, 2022 and that Defendant knew this when he arrested Plaintiff. (Dkt. No. 21). Defendant argues that Plaintiff's motion must be denied because it fails

to comply with Local Rule 56.1, is premature as no discovery has been conducted, and fails to establish that no genuine issue of material fact exists. (*See generally* Dkt. No. 24).

The Court agrees that Plaintiff's motion for summary judgment is premature and must therefore be denied. Summary judgment is a "drastic device" and "'should not be granted when there are major factual contentions in dispute," "particularly . . . when, as here, one party has yet to exercise its opportunities for pretrial discovery.'" *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir. 2018) (quoting *Nat'l Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975)). A district court should only grant summary judgement "'[i]f *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Hellstrom v. U.S. Dep't of Veteran Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (citation and internal quotation marks omitted)). "Only in the rarest of cases may summary judgement be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom*, 201 F.3d at 97; *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 139 n.21 (S.D.N.Y. 2015) (noting that "courts disfavor summary judgment motions made prior to the completion of discovery").

As Defendant notes, "[i]t is undisputed that no discovery ha[d] been conducted in this action" prior to Defendant's deadline to respond to Plaintiff's motion for summary judgment. (Dkt. No. 24, at 8). By order dated August 22, 2022, an initial conference was scheduled for November 22, 2022 and mandatory disclosures and the civil case management plan were to be completed by November 15, 2022. (Dkt. No. 16). Plaintiff did not appear at the initial pretrial

3

conference held on November 22, at which time discovery deadlines were set between December 9, 2022 and May 10, 2023. (Text Minute Entry dated Nov. 22, 2022; Dkt. No. 26). Moreover, Plaintiff has not presented any argument for "why this is one of the 'rarest of cases' where summary judgement may be granted against a [party] who has not been afforded the opportunity to conduct discovery." *King v. Wenderlich*, No. 14-cv-6491, 2016 WL 4678998, at *2, 2016 U.S. Dist. LEXIS 120813, at *6 (W.D.N.Y. Sept. 7, 2016) (quoting *Hellstrom*, 201 F.3d at 97). Thus, because Plaintiff's motion was filed and briefed before the parties engaged in any discovery, the Court finds that Plaintiff's motion for summary judgement is premature. *See Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) (collecting Second Circuit cases denying summary judgment motions as premature where there was not "a fully adequate opportunity for discovery at the time the moving party sought summary judgment" (internal citation omitted)).

The Court also notes that Plaintiff's motion, in addition to being premature, does not comply with Local Rule 56.1, which requires a party moving for summary judgment to submit a "Statement of Material Facts." N.D.N.Y. L.R. 56.1(a) (formerly N.D.N.Y. L.R. 7.1(a)(3)). The Statement of Material Facts

> shall set forth, in numbered paragraphs, a short and concise statement of each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits.

*Id.* Additionally, "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id.* Plaintiff has failed to comply with Local Rule 56.1, as his motion for summary judgment does not contain a Statement of Material Facts or cite to specific portions of the record which establish his

factual assertions. (*See* Dkt. No. 21). This failure constitutes an independent basis on which the Court could deny Plaintiff's motion. Although Plaintiff is a pro se litigant and the Court will "make reasonable allowances to protect [him] from inadvertent forfeiture of important rights because of [his] lack of legal training," *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted), his pro se status does not relieve him of the "requirement to follow the procedural formalities of Local Rule [56.1(a)]," *McZorn v. Endicott Police Dep't*, No. 06-cv-33, 2008 WL 163581, at *2, 2008 U.S. Dist. LEXIS 3513, at *6 (N.D.N.Y. Jan. 16, 2008). Plaintiff is advised that, going forward, his submissions must comply with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, the Court denies Plaintiff's motion for summary judgment as premature and does not reach Defendant's remaining arguments for denial. Plaintiff's motion is denied without prejudice to his filing a new motion for summary judgment after discovery has been completed.[1]

---

[1] Plaintiff also filed a letter dated November 11, 2022, in which he requests that he be appointed counsel. (Dkt. No. 25). Plaintiff argues that he "does not have access to a law library in which to research" and that appointment of counsel will "even the playing field" between the parties. (*Id.*). While there is no right to appointment of counsel in civil matters, *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994), a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (citation omitted). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). None of these factors is controlling, however, and each case should be decided on its own facts. *Id.*

Here, this action is still in the early stages and, without any evidence before the Court, the Court is unable to assess the threshold requirement of likely merit. *See Harmon v. Runyon*, No. 96-cv-6080, 1997 WL 118379, at *1, 1997 U.S. Dist. LEXIS 2849, at *2–3 (S.D.N.Y. Mar. 17, 1997). Even if the Court were to assume that the case may be of substance, the dispute appears to be limited to whether Defendant violated Plaintiff's Fourth Amendment rights by subjecting him to false arrest, which is not an overly complex issue. Further, if this case survives a dispositive motion by Defendant, it is highly probable that the Court will appoint counsel for trial. The Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore denies Plaintiff's request for appointment of counsel, without prejudice to renewal at some future time.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for summary judgement (Dkt. No. 21) is **DENIED** without prejudice to renewal following completion of discovery.

**IT IS SO ORDERED.**

Dated: January 17, 2023
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge