UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARO C. WEILBURG,

                       Plaintiff,

    v.                                               5:22-cv-00435
                                                     (BKS/TWD)

ETHAN C. KOSS, *New York State Trooper,*

                       Defendant.
_____

**THÉRÈSE WILEY DANCKS,  U.S. MAGISTRATE JUDGE**

**DECISION AND ORDER**

      In this action, Plaintiff alleges a claim for false arrest against Defendant Ethan C. Koss ("Koss") under 28 U.S.C. §1983.  (Dkt. No. 1.)  Presently before the Court is Plaintiff's motion for appointment of counsel, and for assistance with conducting depositions of Defendant Koss and non-parties.  (Dkt. No. 39.)  For reasons explained below, Plaintiff's motion is denied without prejudice.

      It is well-settled that there is no right to appointment of counsel in civil matters.  *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.  *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

      In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In

deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Prior to evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper,* 877 F.2d at 173-74 (citing *Hodge*, 802 F.2d at 61). Plaintiff has not set forth any information detailing his attempts to find an attorney, and he does not submit copies of any correspondence or other communications sent to or from any attorneys showing his efforts to do so. (*See* Dkt. No. 39.) Thus, the Court need not consider the motion at this juncture. However, in deference to Plaintiff's pro se status, the Court will review his request.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, as noted above, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control*, 28 F.3d at 1341 (quoting *Hodge*, 802 F.2d at 61).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

For purposes of Plaintiff's application, the Court will assume, without deciding, that his claim may be of substance.  The case is in the discovery phase of litigation and a Discovery Order was issued by the Court.  (Dkt. No. 26.)  Completion of discovery is not due until May 10, 2023.  *Id.*  Plaintiff has ample time to serve a notice of deposition for the Defendant's testimony and request subpoenas for non-party witnesses' testimony if desired.[1]  Plaintiff could also conduct a deposition of Defendant on written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.  In the meantime, a review of the file in this matter reveals that the issues in dispute, i.e., claims sounding in false arrest, are not overly complex.  It also appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action.

While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 2000e *et seq*. by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel."  *Velasquez*, 899 F. Supp. at 974.  The Court is unaware of any special reason why appointment of counsel **at this time**

---

[1] Plaintiff should note that although his motion to proceed IFP has been granted (Dkt. No. 6), he is still required to pay fees that he may incur in this action, including witness fees, subpoena fees, and deposition costs.

would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate in light of <u>specific</u> changed circumstances, consideration of the above factors warrants granting the application.  He must also provide information to the Court detailing his efforts to find counsel through the private sector or public interest law firms.  Furthermore, <u>it is highly probable that this Court will appoint trial counsel at the final pretrial conference</u> if this case survives any dispositive motions.

    **WHEREFORE**, it is hereby

    **ORDERED** that Plaintiff's motion for appointment of counsel to assist with depositions (Dkt. No. 39) is **DENIED without prejudice** to renew as noted above.

    **IT IS SO ORDERED**

Dated: February 21, 2023
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge