UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARO C. WEILBURG,

                             Plaintiff,

                                                                5:22-cv-00435
v.                                                             (BKS/TWD)

ETHAN C. KOSS, New York State Trooper,

                             Defendant.
_____

APPEARANCES:

DARO C. WEILBURG
Plaintiff Pro Se

NEW YORK STATE ATTORNEY GENERAL
RACHEL OUIMET, ESQ., Of Counsel

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

      Presently before the Court in this action is plaintiff's Motion to Compel further Interrogatory responses and for sanctions. (Dkt. No. 48.) Defendant opposes the motion. (Dkt. No. 51.) The Court also reviewed plaintiff's other requests seeking information from individuals and entities that are not parties to this action. (Dkt. Nos. 54, 55, 56.) The Court does not require any further submissions on the Motion to Compel or plaintiff's other requests.

**I.    LEGAL STANDARD**

      Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. "'[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225 at *7 (S.D.N.Y. Oct. 24, 2014) (Pitman, M.J.) (brackets in original), *quoting Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, 93 Civ. 2168 (PKL), 1994 WL 30487 at *1 (S.D.N.Y. Jan. 28, 1994) (Leisure, D.J.); *see Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 125 (S.D.N.Y.1997) (Sweet, D.J.); *Quaker Chair Corp. v. Litton Bus. Sys., Inc.*, 71 F.R.D. 527, 530–31 (S.D.N.Y.1976) (Motley, D.J.).

As the advisory committee notes, the proportionality factors have been restored to their former position in the subsection "defining the scope of discovery," where they had been located prior to the 1993 amendments to the rules. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment. Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.

2

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  However, the amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information.  Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment.  The burden of demonstrating relevance remains on the party seeking discovery, and the newly-revised rule "does not place on the party seeking discovery the burden of addressing all proportionality considerations." *Id.*  In general, when disputes are brought before the court, "the parties' responsibilities [ ] remain the same" as they were under the previous iteration of the rules, so that the party resisting discovery has the burden of showing undue burden or expense.  *Id.*; *see also Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery.").  Moreover, information still "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

       The advisory committee's notes to the recent amendment of Rule 26 further explain that "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

## II.   PLAINTIFF'S INTERROGATORY DEMANDS

While the Court agrees with defendant's objection to the timeliness of the service of plaintiff's Interrogatories which were clearly served almost two months late (*see* Dkt. No. 26; Dkt. No. 51 at 9), in view of plaintiff's pro se status, the Court does not find this a sufficient reason to deny further responses to the Interrogatories where warranted.  Additionally, many of plaintiff's Interrogatories contain multiple subpart queries which resulted in plaintiff exceeding the number of permitted Interrogatories.  Fed. R. Civ. P. 33(a)(1); *see also* Dkt. No. 48 at 13-16.  Moreover, plaintiff clearly did not make a good faith effort to resolve this discovery dispute as required by the Federal Rules of Civil Procedure and the Local Rules of this Court before brining his motion to compel.  *See* Fed. R. Civ. P. 37(a)(1); N.D.N.Y. L.R. 37.1(b); *see also* Dkt. No. 51 at 4-7.  Despite these violations of the Court rules and again in view of plaintiff's pro se status, the Court directs the following further discovery from defendant, which must be produced by July 31, 2023, unless otherwise directed herein.

(1)   As to Interrogatory No. 1, defendant must supplement the response by setting forth the highest educational grade he completed;

(2)   As to Interrogatory No. 2, defendant must supplement the response by providing a written copy of the oath he took upon graduation from the New York State Police Academy;

(3)   As to Interrogatory 3, the Court agrees with defendant's objections and additionally the Interrogatory is overly broad and not specific to or related the remaining false arrest claim against defendant.  Therefore, no further response is required from defendant;

(4)   As to Interrogatories 4 and 20, defendant has sufficiently responded and no further response is required from defendant;

 (5) As to Interrogatories 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, defendant must supplement his responses by providing plaintiff with the specific Bates numbered page(s) where the information responsive to each separate Interrogatory is located within the Mandatory Disclosures referenced in response to each of those Interrogatories; and

 (6) As to Interrogatories 17, 18, and 19, defendant must supplement his responses by providing further information responsive to the queries.

**III. PLAINTIFF'S REQUEST FOR SANCTIONS**

As part of the Motion to Compel, plaintiff seeks sanctions from defendant for his purported failure to fully respond to the Interrogatories. (Dkt. No. 48 at 9-10.) The Court finds sanctions are not warranted in this case. As noted above, plaintiff's Interrogatories were untimely served, they did not comply with Federal Rule of Civil Procedure 33(a)(1), and plaintiff failed to confer with defendant about the sufficiency of the responses as required by Local Rule 37.1 and Federal Rule of Civil Procedure 37(a)(1) before filing the Motion to Compel. Despite these shortcomings, defendant attempted in good faith to respond to the Interrogatories. Since defendant's conduct was not unreasonable or vexatious, the Court sees no reason to award sanctions.

**IV. PLAINTIFF'S OTHER REQUESTS**

Plaintiff has filed other requests seeking information from individuals and entities that are not parties to this action. (Dkt. Nos. 54, 55, 56.) In his "Request for Protection" (Dkt. Nos. 54, 55), plaintiff asserts that he has been scheduled for a mental health exam by the Oneida City Court, apparently related to pending criminal contempt charges arising on April 27, 2022, and April 29, 2022. (Dkt. No. 55 at 2.) These charges are unrelated to the underlying false arrest claim in this

action against the defendant which stem from an arrest that occurred on March 12, 2022. (Dkt. No. 1 at 5.) Accordingly, plaintiff's "Request for Protection" (Dkt. Nos. 54, 55) is denied.

Plaintiff has also filed a request asking the Court to compel the Madison County Health Department and other Madison County officials to provide him with the date they received information from Oneida City Court regarding scheduling plaintiff for the mental health exam. (Dkt. No. 56.) Again, such request is apparently related to pending criminal contempt charges arising on April 27, 2022, and April 29, 2022, which are unrelated to the underlying false arrest claim against the defendant herein arising from an arrest that occurred on March 12, 2022. (Dkt. No. 1 at 5.) Therefore, plaintiff's request (Dkt. No. 56) is also denied.

Accordingly, it is hereby,

**ORDERED**, that the plaintiff's Motion to Compel further responses to his Interrogatories as set forth in Dkt. No. 48 is **GRANTED** in part and **DENIED** in part in accordance with this Order; and it is further

**ORDERED**, that defendant shall supplement his Interrogatory responses as directed herein by July 31, 2023; and it is further

**ORDERED**, that plaintiff's request for sanctions and his other requests as set forth in Dkt. Nos. 54, 55, 56 are **DENIED**; and it is further

**ORDERED**, that the remaining pretrial deadlines are reset as follows: plaintiff's expert disclosure, if any, due 8/31/2023; defendant's expert disclosure, if any, due 9/14/2023; any rebuttal

expert disclosure due 9/21/2023; all discovery due 10/6/2023; discovery motions due 10/13/2023; and dispositive motions due 11/30/2023.

**SO ORDERED.**

Dated: July 6, 2023
    Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge